**Order filed January 26, 2021.**



In The

# Fourteenth Court of Appeals

_____

**NO. 14-21-00039-CR**
_____

**IN RE BRADLEY JARED BARTON, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1206429**

---

## ORDER

On January 15, 2021, relator Bradley Jared Barton filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Relator asks this court to compel the Honorable Nikita Harmon, presiding judge of the 176th District Court of Harris County, to rescind the December 7, 2010 order granting the State's motion to restrict relator's privileges.

Relator's petition does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(j) ("The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or

record."); 52.7(a)(1) (requiring relator to file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); 52.7(a)(2) (requiring relator to file with petition properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or statement that no testimony was adduced in connection with matter complained).[1]  By this order, the court gives relator ten days' notice that the petition will be dismissed for failure to comply with Rules 52.3(j), 52.7(a)(1), and 52.7(a)(2) unless the deficiencies are cured.  *See generally* Tex. R. App. P. 42.3(c).

PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.

---

[1] The legislature has provided an alternate method of meeting the requirement of sworn copies—an unsworn declaration. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001. An unsworn declaration must be in writing and subscribed by the person making the declaration as true under penalty of perjury. *Id.* § 132.001(c). Section 132.001(e) sets forth the form for an unsworn declaration by an inmate:



*Id.* § 132.001(e); *see* Tex. R. App. P. 9.10(c) (exempting in court filing related to criminal matter defendant's date of birth and address from redaction requirement for documents filed in criminal cases).